# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan II. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9228 | **DATE** | 6/18/2004 |
| **CASE TITLE** | Sullivan vs. DSSA Management, Inc. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. As stated in the Memorandum Opinion and Order, defendant's motion contesting judgment [25-1] is granted. Status hearing is set for 7/1/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | 3 | |
| | No notices required. | | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | | 'JUN 2 1 2004 | |
| | Notified counsel by telephone. | | | | date docketed | |
| | Docketing to mail notices. | | | | | 32 |
| | Mail AO 450 form. | | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | 6/18/2004 | |
| | | | | | date mailed notice | |
| MD | courtroom deputy's initials | | | | MD | |
| | | | Date/time received in central Clerk's Office | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GERALD M. SULLIVAN, not individually but )
as Trustee of PLUMBERS' PENSION FUND, )
LOCAL 130, U.A.; PLUMBERS' WELFARE )
FUND FOR APPRENTICE AND )
JOURNEYMEN EDUCATION AND )
TRAINING, LOCAL 130, U.A.; and )
CHICAGO JOURNEYMEN PLUMBERS' )
LOCAL UNION 130, U.A., GROUP LEGAL )
SERVICES PLAN FUND, )
             )
         Plaintiff, )
             )
         vs. )        **No. 01 C 9228**
             )        **Judge Joan H. Lefkow**
DSSA MANAGEMENT, INC., )
             )
         Defendant. )
             )

## MEMORANDUM OPINION AND ORDER

On December 12, 2001, plaintiff, Gerald M. Sullivan, not individually, but as Trustee of

Plumbers' Pension Fund, Local 130, U.A.; Plumbers' Welfare Fund, Local 130 U.A; The Trust

Fund for Apprentice and Journeymen Education and Training, Local 130, U.A.; and Chicago

Journeymen Plumbers' Local Union 130, U.A., Group Legal Services Plan Fund (collectively

"Sullivan" or "Funds"), filed this law suit against defendants, DSSA Management, Inc.

("DSSA"). Sullivan's Complaint alleged causes of action under the Employee Retirement

Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132 ("ERISA"), and the Labor-

Management Relations Act of 1947, as amended, 29 U.S.C. §§ 185 ("LMRA"). Specifically, the

Complaint alleged that DSSA and the Chicago Journeymen Plumbers' Local Union 130, U.A

(the "Union") had entered into an agreement (the "Agreement") whereby DSSA was obligated to

(1) file with the Union an itemized report of payments due to the above listed Funds for the preceding months; (2) pay all contributions to the Funds at the time the itemized report was filed; (3) if requested by the Union, to make its book and records available for purposes of determining compliance with the Agreement; (4) to pay certain penalties or liquidated damages and interest to the Funds should those contributions not be made in a timely fashion; and (5) pay all costs incurred, including legal, audit and court fees to enforce collection of any monies due. Sullivan's Complaint alleged that DSSA breached obligations to the Funds insofar as DSSA (a) did not file any itemized reports with the Union; (b) did not make payment of all contributions to the Funds; and (c) refused and failed to perform under the Agreement. For relief, the Complaint sought, among other things, an accounting as to employees of DSSA covered under the agreement to determine what amounts should be paid to the Funds.

On January 8, 2002, Sullivan presented this court with a motion for a default order and judgment against DSSA. That motion was granted on January 17, 2002. The court's January 17 order required DSSA "to submit its books and records to Sullivan for completion of an audit within 14 days and to pay all sums due and owing plus any damages specified in the agreement attached to plaintiff's complaint as Exhibit A; and for such additional damages as are allowed under ERISA." Thereafter, on March 26, 2002, this court entered a rule to show cause why DSSA should not be held in contempt of court for failure to submit books and records to plaintiff for completion of the ordered audit. That hearing, though scheduled for April 22, 2002, was held and continued numerous times until it finally was concluded on October 10, 2003. On that date the court ordered Sullivan to "submit proposed judgment order with accompanying prove-up documents and affidavits." The court also noted that "[i]f [DSSA] does not file a motion

2

contesting within two weeks after receiving these submissions, judgment order will be entered."

After receiving an extension, on October 27, 2003, DSSA filed the motion currently pending

before the court. It seeks an order either denying the entry of a final default judgment or setting a

hearing on damages.

DSSA's argument for denying the entry of a final default judgment rests on the basic

premise that a default judgment does not preclude a party from challenging the sufficiency of a

complaint. *E.g.*, *Black* v. *Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *Alan Neuman Productions,*

*Inc.* v. *Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988); *Richardson* v. *Union Pacific R.R. Co.*,

No. 98 C 8370, 2002 WL 3180398, (N.D. Ill. 2002). This principle could be invoked, for

example, when a complaint on which default judgment was entered fails to allege facts that state

a claim. *Cf. Richardson*, 2002 WL 3180398, at *1-2 (granting motion for judgment on the

pleadings after a default judgment was entered because complaint made no allegations of a

custom, practice or policy necessary to establish defendant's liability under 42 U.S.C. § 1983).

DSSA advances a slightly different theory, namely, that the Complaint at issue here is

insufficient because Sullivan attaches documents to his Complaint that contradict his legal

theory. While DSSA cites no case which has allowed such a theory to overcome a default

judgment, it is generally accepted that when a conflict exists between a complaint and exhibits

attached to that complaint, the exhibits rule. *See, e.g., Northern Ind. Gun & Outdoor Shows,*

*Inc.* v. *City of South Bend*, 163 F.3d 449, 454 (7th Cir. 1998) ("It is a well-settled rule that when

a written instrument contradicts allegations in the complaint to which it is attached, the exhibit

trumps the allegations."). Thus, if the documents Sullivan attached to his Complaint did in fact

contradict his claims, this could be grounds for challenging the sufficiency of the complaint and, necessarily, the underlying default judgment.

DSSA argues that Sullivan's Complaint is insufficient because the allegation at paragraph 5 of the Complaint, that DSSA "was bound by an Agreement . . . between Defendant and Union," is contradicted by the Agreement itself. DSSA points to two pages of Exhibit A attached to Sullivan's Complaint. Exhibit A consists of two Collective Bargaining Agreements referred to in Sullivan's Complaint. Section 1.1 of the June 1, 1995 through May 31, 1998 CBA states that it is entered into

> . . . between the Plumbing Contractors Association of Chicago and Cook County, solely for and on behalf of each of its individual members, who are duly licensed by law and bonded to engage in the plumbing business, are established in that business, intend to employ not less than two (2) journeymen, and hereafter are collectively referred to as "Employer" or "Employers," and Chicago Journeymen Plumbers' Local Union 130, U.A., which is composed of competent licensed journeymen mechanics who are duly authorized to install and inspect all plumbing work, and which hereinafter is referred to as "Union."

(Compl. Ex. A, pg. 4.) Section 1.1 of the June 1, 1999 through May 31, 2004 CBA similarly states that it is entered into

> . . . between the Plumbers Contractors Association of Chicago and Cook County, solely for and on behalf of each of its individual members, who are duly licensed by law and bonded to engage in the plumbing business, are established in that business, intend to employ not less than two (2) journeymen or one (1) journeyman and (1) apprentice, and hereafter are collectively referred to as "Employer" or "Employers," and Chicago Journeymen Plumbers' Local Union 130, U.A., which is composed of competent licensed journeymen mechanics who are duly authorized to install and inspect all plumbing work, and which hereinafter is referred to as "Union."

(Compl. Ex. A, pg. 39.)

4

DSSA's theory seems to be that, based on the above quoted language, it could not have been an "Employer" under the terms of the CBAs and, therefore, these exhibits trump paragraph 5 of Sullivan's Complaint. But DSSA fails to explain why they could not have met the definition of "Employer" under the CBAs or why those documents contradict paragraph 5 of the Complaint. Its conclusional statement that it is not a plumbing business does not create a contradiction. Certainly DSSA, if it had answered the Complaint, could have denied that it met the definition of employer in the CBAs. Since, however, there is no contradiction on the face of the exhibits and the Complaint, by failing to answer DSSA has admitted that it was bound by the CBAs and, as such, met the definition of "Employer" listed therein. Thus, to the extent DSSA seeks an order denying the entry of a final judgment on grounds of the Complaint's insufficiency, its motion is denied.

DSSA also argues that this court should hold a hearing on the issue of damages for this default judgment. Federal Rule of Civil Procedure 55(b)(2) is applicable in default judgment cases where the plaintiff's claim is not for "a sum certain or for a sum which can by computation be made certain . . . ." *See* Fed. R. Civ. P. 55(b)(1). Rule 55(b)(2) provides in pertinent part,

> [i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by a statute of the United States.

As is apparent from Sullivan's Complaint and the January 17, 2002 order of default entered by this court, the claim for damages here is unliquidated and is not for a certain sum. Indeed, that is why this court granted Sullivan leave to file the audit performed to determine the

amount of damages he believes are due. Because the amounts sought in the Complaint are

unliquidated, DSSA seeks the opportunity to conduct limited discovery, submit evidence and

have an evidentiary hearing on Sullivan's petition to prove up damages. DSSA would appear to

have Seventh Circuit case law on its side. In *Dundee Cement Co.* v. *Howard Pipe & Concrete*

*Prods. Inc.*, 722 F.2d 1319 (7th Cir. 1983), the court noted,

> Although upon default the factual allegations of a complaint related to liability are
> taken as true, those allegations relating to damages suffered are ordinarily not.
> *See Pope* v. *United States*, 323 U.S. 1, 65 S. Ct. 16, 89 L.Ed 3 (1944); *Geddes* v.
> *United Financial Group*, 559 F.2d 557 (9th Cir. 1977). A judgment by default
> may not be entered without a hearing on damages unless, as in Counts I, II and IV
> of this complaint, the amount claimed is liquidated or capable of ascertainment
> from definite figures contained in documentary evidence or in detailed affidavits.

*Id.* at 1323 (citations omitted); *see also*, *United States* v. *Di Mucci*, 879 F.2d 1488, 1497-98 (7th

Cir. 1989) (hearing on unliquidated damages appropriate even when "the facts establishing the

necessity for affirmative injunctive relief are not likely to be different from the facts already

legally determined by the entry of the default judgment."); *Greater St. Louis Constr. Laborers*

*Welfare Fund* v. *Little*, 182 F.R.D. 592, 596 (E.D. Mo. 1998) (setting trial date on issue of

damages because "affidavit of defendant . . . raises questions of fact concerning the accuracy of

some aspects of plaintiffs' audit."). Since there can be no question that Sullivan's Complaint

sought unliquidated damages, and since no documentary evidence nor detailed affidavits were

submitted to foreclose analysis on this issue, the court is persuaded to grant DSSA the

opportunity for limited discovery on damages and to submit evidence, if need be, through an

6

evidentiary hearing. Thus, to the extent DSSA's motion contesting entry of final judgment seeks such relief, it is granted [#25]. This case will be called for status on July 1, 2004. It is so ordered.

ENTER: _Joan H Lefkow_

JOAN HUMPHREY LEFKOW

United States District Judge

Dated: June 18, 2004